ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Julie Levitch,

    Plaintiff,

v.

County of Maricopa, et al.,

    Defendants.

No. CV 21-01418-PHX-DLR (JZB)

**ORDER**

Plaintiff Julie Levitch, who is represented by counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983 and Arizona state law. Defendants have filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 13.)  The Motion is fully briefed.  (Docs. 18, 27).[1]  Plaintiff has also filed three Motions for Partial Summary Judgment (the "MPSJs") (Docs. 19, 37, and 38), which Defendants seek to defer consideration of until resolution of their Motion to Dismiss (Docs. 29, 39 and 40).[2]

The Court will grant the Motion to Dismiss in part and deny it in part as moot, and

---

[1] Plaintiff has also requested oral argument. (Doc. 30). The Court will deny the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] Because the Court will dismiss Plaintiff's federal causes of action, decline jurisdiction over Plaintiff's state causes of action, and provide Plaintiff an opportunity to amend her complaint to cure the deficiencies identified herein, the Court will deny the MPSJs and Motions to Defer as moot. If Plaintiff files a second amended complaint that sufficiently alleges causes of action, she may then re-seek partial or full summary judgment on her claims.

will dismiss the First Amended Complaint without prejudice and with leave to amend.

**I.   Background**

In her operative First Amended Complaint (Doc. 8), Plaintiff names Maricopa County and Maricopa County Sheriff Paul Penzone as Defendants; Penzone is sued only in his official capacity.

Plaintiff alleges that on August 22, 2020, she was wrongfully arrested and charged with "Criminal Damage—Defacing Property." (*Id.* at 5). Upon her arrest, Plaintiff was transported to the Maricopa County Fourth Avenue Jail, where her mugshot was taken. (*Id.* at 6-7). Plaintiff was released from the jail approximately 16 hours later. (*Id.*). Plaintiff's charge was subsequently dismissed. (*Id.* at 5).

At some point shortly after her arrest, Plaintiff's mugshot and other identifying information—including her full name, birthdate, and "Crime Type"—were posted on the Maricopa County Sheriff's Office's (MCSO) publicly available website. (*Id.* at 7). After her mugshot and information were posted on the MCSO website, numerous online entities "scraped" the data and republished it. (*Id.* at 8). As a result, Plaintiff has been "bombarded" by hundreds of spam emails offering "reputation management services" for a fee. (*Id.* at 8-9). Plaintiff further alleges that her "reputation in the business community, as well as in her personal life, has been severely and permanently damaged" as a result of the publication of her mugshot and data on the MCSO website. (*Id.* at 8).

Accordingly, Plaintiff alleges four claims for relief, as follows: "Peace Officer Liability," brought pursuant to 42 U.S.C. § 1983 (Count One); "Equal Protection," also brought pursuant to 42 U.S.C. § 1983 (Count Two); "Slander, Defamation False Light, and Invasion of Privacy," brought pursuant to Arizona state law (Count Three); and "Infliction of Emotional Distress—Negligent, Reckless, and Intentional," also brought pursuant to Arizona state law (Count Four).[3]  Plaintiff seeks monetary relief, and punitive damages.

---

[3] Plaintiff also made allegations related to the conditions of her confinement while at the Fourth Avenue Jail. However, in responding to Defendants' Motion to Dismiss, Plaintiff clarifies that "[t]his lawsuit is about the Sheriff's wrongful digital publication of [Plaintiff's] mugshot and personal information, and not about anything else." (Doc. 18 at 3). Accordingly, the Court will not consider Plaintiff's allegations with regard to her

## II. Legal Standards

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

confinement at the Fourth Avenue Jail in resolving Defendants' Motion to Dismiss.

**III.   Discussion**

      **A.   Federal Claims (Counts One and Two)**

Plaintiff's First Amended Complaint is not a model of clarity, and the precise contours of Plaintiff's claims are difficult to discern. Plaintiff alleges that Defendants violated her rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments by publishing her mugshot and other identifying information. (Doc. 8 at 10-18). Plaintiff further asserts that these claims "include but are not limited to, lack of due process, cruel and unusual punishment, infliction of emotional distress (intentional and negligent), and slander." (*Id.* at 4). However, in responding to Defendants' Motion to Dismiss, Plaintiff does not argue that her Fourth Amendment rights have been violated, and "agrees her specific claim under the Eighth Amendment should be dismissed as a separate constitutional claim." (Doc. 18 at 31). Accordingly, it appears the crux of Plaintiff's allegations is a due process claim arising pursuant to the Fifth and Sixth Amendments, as made relevant to the States under the Fourteenth Amendment.

In Count One, Plaintiff alleges that Defendants "were either aware or should have known that placing such a mugshot on the internet conveys a wrongful message of guilt." (*Id.* at 12). Plaintiff further alleges that her mugshot and other identifying information were published "without any due process," "did not advance any legitimate state interest but was motivated by the desire of [Defendants] to promote themselves at the expense of the rights of citizens such as [Plaintiff]," and its "sole purpose [was] to promote [Defendants'] organization and to punish those persons who are arrested without the necessity of proving probable cause for the arrest and without the necessity of allowing the defendant any opportunity to prove his or her innocence." (*Id.* at 12-13). Plaintiff also alleges that Defendants are also liable "for failing to supervise and train the staff and officers of the County who assisted in publishing mugshot information on the official MCSO website," that the Defendants "had a general policy and/or practice of not properly supervising or disciplining officers and staff for their conduct" including "the lack of placing any disclaimer on the mugshot webpage stating that suspects are innocent until proven guilty,

or words to that effect." (*Id.* at 14-15). Plaintiff alleges that Penzone "is the final policy-maker for Maricopa County with respect to all matters relating to the publishing of mugshots and personal information on the official MCSO website." (*Id.* at 15).

In Count Two, Plaintiff alleges that "her rights [were] violated with an unconstitutional motive and malice by [Defendants ] without equal protection or due process," that she was "subjected to improper abuse of process and power for improper motives, all without due process," that Defendants' "conduct against Plaintiff . . . .was arbitrary, irrational, extreme, outrageous, unjustified by any governmental interest, beyond all possible realms of decency" and "shocks the conscience of the Court and constitutes a gross abuse of government authority." (*Id.* at 16-17).

The Court will discuss each Count in turn.

### 1. Count Two

The Court will begin with Count Two. As alleged, Count Two—which Plaintiff styles as a claim of "Equal Protection"—fails to state any cause of action. Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff fails to allege facts to support that she is a member of a protected class, or that the Defendants intended to discriminate against her based upon that membership. Although Plaintiff states in her Response to Defendants' Motion that she "is a member of a class of persons booked by Sheriff Penzone in the Maricopa County Jail system who have suffered from the improper disclosure of their mugshot and personal information on the internet," (Doc. 18 at 27) she does not allege or cite to any authority to support that such a "class" is constitutionally protected. In any event, the Court will not consider allegations not made in the operative First Amended Complaint. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (the court will not consider arguments raised for the first time in a reply brief); *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) (recognizing the general principle that arguments raised for the

first time in a reply brief are waived); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (arguments raised for first time in reply brief are not considered).

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, Plaintiff has failed to state a claim. Plaintiff has failed to allege that she was treated differently than other similarly situated individuals and that there was no rational basis for treating her differently; indeed, she alleges that she was treated the same as everyone who is booked into the Maricopa County jail system. As such, Plaintiff fails to state a claim in Count Two, and it will thus be dismissed.[4]

### 2.      Count One

At its most basic, Plaintiff's complaint in Count One is that the publication of her mugshot and accompanying information violated her due process rights. In seeking dismissal, Defendants' primary position is that "Plaintiff's mugshot and the fact of her arrest is a public record," and, as a public record, Plaintiff was not entitled to any process, nor were any of her substantive rights violated, by publishing that information. (Doc. 13 at 1-2).

Although Plaintiff references only her "due process" rights in the First Amended Complaint—without specifying whether she is referring to procedural or substantive due process—it appears from Plaintiff's response to Defendants' Motion to Dismiss that she intends her allegations to include claims of both procedural and substantive due process.

---

[4] To the extent Plaintiff—via her allegation that "her rights [were] violated with an unconstitutional motive and malice by [Defendants] without . . . due process" and that she was "subjected to improper abuse of process and power for improper motives, all without due process"—intends Count Two to also include a due process claim, it is duplicative of Count One, and will be dismissed for the same reasons as those set forth in Part III.A.2, *infra*.

The Court will discuss each in turn.[5]

### *i.   Procedural Due Process*

Plaintiff cites *Scottsdale Unified School District No. 48 of Maricopa County v. KPNX Broadcasting Co.*, 191 Ariz. 297(1998), for the proposition that she "has a recognized state law privacy interest in preventing [Defendants] from publishing her mugshot photograph on the internet" (Doc. 18 at 8), and, citing *Humphries v. County of Los Angeles*, 554 F.3d 1170 (9th Cir. 2008) (*overruled on other grounds by Los Angeles County v. Humphries*, 562 U.S. 29 (2010)), asserts that Defendants have violated her procedural due process rights by publishing her "personal information . . . including her birthdate, without regard to due process." (*Id.* at 27-28).

In *Scottsdale*, the Arizona Supreme Court "conclude[d] that a person . . . has a privacy interest in his or her birth date.  The question then becomes whether that interest is sufficient in a given case to outweigh disclosure, which is presumptively required where public records are concerned." 191 Ariz. at 302.  Engaging in the balancing test set forth in *Carlson v. Pima County*, 141 Ariz. 487 (1984), the Arizona Supreme Court concluded that, on the facts presented, the privacy interests of the plaintiffs outweighed the public interest in disclosure of their birthdates, and that the birthdates were correctly withheld from disclosure.  *Id*. at 303.

In *Humphries*, the Ninth Circuit observed that

> In procedural due process claims, the deprivation of a constitutionally protected interest "is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). Our analysis proceeds in two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (internal citations omitted).

554 F.3d at 1184-85.

---

[5] The Court will not consider any arguments made in Plaintiff's three Motions for Partial Summary Judgment, as those filings would effectively operate as unauthorized sur-responses.  As such, the Court will contain its analysis to the claims alleged in the operative First Amended Complaint, and the arguments made in Plaintiff's Response to Defendants' Motion to Dismiss.

- 7 -

In determining whether a liberty or property interest exists, the Supreme Court has held that a liberty interest may be implicated "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).  However, in *Paul v. Davis,* the Supreme Court clarified that procedural due process protections apply to *reputational* harm only when a plaintiff suffers stigma from governmental action plus alteration or extinguishment of "a right or status previously recognized by state law." 424 U.S. 693, 711.  This has become known as the "stigma plus" test. *Humphries*, 554 F.3d at 1185.  As such, in order to properly state a claim for a violation of procedural due process actionable under § 1983, a plaintiff must allege that they suffered some "stigma," and that, as a result of that stigma, "a right or status previously recognized by state law was distinctly altered or extinguished." *Id.* at 1186.

Assuming *arguendo* that Plaintiff has a "a recognized state law privacy interest" pursuant to *Scottsdale* that gives rise to a constitutionally protected liberty or property right, Plaintiff alleges only that her "reputation in the business community, as well as in her personal life, has been severely and permanently damaged" as a result of the publication of her mugshot and accompanying information.  (Doc. 8 at 8).[6]  Mere reputational injury, however, is not sufficient.  *Paul,* 424 U.S. at 711; *see also Siegert v. Gilley,* 500 U.S. 226, 233 (1991) (reaffirming that an injury to reputation by itself is not a protected liberty interest under the Fourteenth Amendment).

Further, Plaintiff has not alleged facts to support that some "right or status" has been "altered or extinguished."  Plaintiff does not, for instance, allege that any employer has terminated her as a result of the publication of her mugshot or other information, or that she has been denied a lease because a potential landlord consulted the MCSO website.  Like the plaintiff in *Paul*, Plaintiff's claimed injuries no doubt flow from the publication

---

[6] The Court further notes that, at most, *Scottsdale* only creates a privacy right in Plaintiff's birth date, and would not extend to Plaintiff's mugshot or any of the other information she identifies. Neither party has addressed whether *Scottsdale* contemplates the publication of a birth date *in conjunction* with other, non-protected information, or what the contours of a privacy right, if any, would remain in that scenario.

- 8 -

of her mugshot and accompanying information, but this injury is only incidental to others viewing that posting. Nothing appears to *require* that the Sheriff post her information,[7] or that anyone else view it. *See e.g. Humphries*, 554 F.3d at 1187 (noting that in *Paul* "no law had required the Chief of Police to distribute this flyer, nor did any law require employers to check the list. Thus, although any impairment to Davis' employment opportunities 'flow[ed] from the flyer in question,' his injury only occurred because the flyer happened to have 'c[o]me to the attention of [his] supervisor.,'"). This is distinct from the injury to the plaintiffs in *Humphries*, whose names were placed on an official government registry that certain agencies, employers, and other entities were required to consult. *Id.* at 1177-79.

Accordingly, Plaintiff has failed to allege facts sufficient to support that her procedural due process rights have been violated.

*ii.     Substantive Due Process*

Although the Fifth Amendment's Due Process Clause states only that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law," *see* U.S. Const. amend. V, courts have long held that it also provides substantive protections for certain unenumerated fundamental rights. *See e.g. Washington v. Glucksberg,* 521 U.S. 702, 719 (1997) ("The Due Process Clause guarantees more than fair process, and the 'liberty' it protects includes more than the absence of physical restraint."). Indeed, the Supreme Court has a long history of recognizing unenumerated fundamental rights as protected by substantive due process. *See, e.g., Eisenstadt v. Baird,* 405 U.S. 438 (1972) (to use contraception); *Griswold v. Connecticut,* 381 U.S. 479 (1965) (to use contraception, to marital privacy); *Loving v. Virginia,* 388 U.S. 1 (1967) (to marry); *Rochin v. California,* 342 U.S. 165 (1952) (to bodily integrity); *Skinner v. Oklahoma ex rel. Williamson,* 316 U.S. 535 (1942) (to have children); *Pierce v. Society of Sisters,* 268 U.S. 510 (1925) (to direct the education and upbringing of one's

---

[7] Indeed, it appears that, at most, Arizona's public records laws only *prohibit* the Sheriff from *withholding* certain information upon proper request.

- 9 -

children); *Meyer v. Nebraska,* 262 U.S. 390 (1923) (same).[8]

In *Glucksberg,* the Supreme Court set forth the two elements of the substantive due process analysis:

> First, we have regularly observed that the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, "deeply rooted in this Nation's history and tradition," and "implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if they were sacrificed." Second, we have required in substantive-due-process cases a "careful description" of the asserted fundamental liberty interest.

*Glucksberg,* 521 U.S. at 720-21 (citations omitted).

However, the Supreme Court has cautioned against the doctrine's expansion. *See Glucksberg,* 521 U.S. at 720 (stating that the Court must restrain the expansion of substantive due process "because guideposts for responsible decision-making in this uncharted area are scarce and open-ended" and because judicial extension of constitutional protection for an asserted substantive due process right "place[s] the matter outside the arena of public debate and legislative action" (citations omitted)); *Reno v. Flores,* 507 U.S. 292, 302 (1993) (noting that "[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field" (quoting *Collins v. Harker Heights,* 503 U.S. 115, 125 (1992))). When evaluating a substantive due process claim, *Glucksberg* instructs that substantive due process requires a "careful description of the asserted fundamental liberty interest." *Glucksberg,* 521 U.S. at 721 (quotation and citations omitted); *see also Flores,* 507 U.S. at 302 (noting that the asserted liberty interest must be construed narrowly to avoid unintended consequences).

Here, Plaintiff's asserted substantive due process right is not carefully described. Indeed, Plaintiff only refers to them as "due process" rights without otherwise describing them.

---

[8] The Court has also recently begun to roll back previously recognized substantive rights, *see Planned Parenthood v. Casey*, 505 U.S. 833 (1992) (to have an abortion) and *Roe v. Wade,* 410 U.S. 113 (1973) (same) (both overruled by *Dobbs v. Jackson Women's Health Organization*, ___ U.S. ___, 142 S.Ct. 2228 (2022)), and at least one Justice has called for the Court to "reconsider" its entire substantive due process jurisprudence. *Dobbs*, ___ U.S. ___, 142 S.Ct. 2228, 2301 (J. Thomas, concurrence) ("we should reconsider all of this Court's substantive due process precedents").

To the extent that Plaintiff's allegations, more carefully described, is a due process right to be free from having private information publicly disseminated, she has failed to allege, let alone facts to support, that his asserted fundamental liberty interest is "deeply rooted in this Nation's history and tradition," and "implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if they were sacrificed." *Glucksberg,* 521 U.S. at 720-21 (citations omitted). Conclusory and vague allegations will not support a cause of action. *Ivey*, 673 F.2d at 268. Further, even a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded. *Id.*

While "[p]retrial detainees have a substantive right against restrictions that amount to punishment, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987), this right is only violated if such restrictions are "imposed for the purpose of punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Jail officials are entitled to impose restrictions to effect confinement, and detention will necessarily affect a detainee's ability to live as comfortably as she might like; a de minimis level of imposition is permissible. *Id.* at 539 n.21.

Here, however, it is not clear whether Plaintiff was even in custody at the time her mugshot and other information were posted; Plaintiff alleges that she was booked into the Fourth Avenue Jail in the "evening" on August 22, 2020, and released approximately 16 hours later. (Doc. 8 at 5-6). Plaintiff does not identify when, precisely, her mugshot and accompanying information were posted, alleging only that it occurred "while she was in custody or within hours of her release." (Doc. 8 at 7).

Even assuming that the mugshot and accompanying information was posted while she was still in custody, it is not clear how the posting of Plaintiff's mugshot and accompanying information amounts to a "restriction" for substantive due process purposes (especially after Plaintiff had been released from custody), or facts to support that this "punishment" was more than de minimis. In her response to Defendants' Motion to

Dismiss, Plaintiff asserts only that she "has stated a valid cause of action for both substantive due process and procedural due process because she has alleged facts susceptible to an inference that Defendants 'acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" (Doc. 18 at 28) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). However, as discussed *supra*, Plaintiff has *not* alleged, in her operative First Amended Complaint, facts to support that she is a member of a protected class, or that the Defendants intended to discriminate against her based upon that membership. Although Plaintiff states in her Response to Defendants' Motion that she "is a member of a class of persons booked by Sheriff Penzone in the Maricopa County Jail system who have suffered from the improper disclosure of their mugshot and personal information on the internet" (*id.* at 27), she does not allege or cite to any authority to support that such a "class" is constitutionally protected. In any event, the Court will not consider allegations not made in the operative First Amended Complaint. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (the court will not consider arguments raised for the first time in a reply brief); *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) (recognizing the general principle that arguments raised for the first time in a reply brief are waived); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (arguments raised for first time in reply brief are not considered). Accordingly, Plaintiff has failed to allege facts sufficient to support that the Defendants have violated her substantive due process rights.

### *iii. Miscellaneous*

Plaintiff also claims in Count One that the Defendants are liable for failing to train and supervise their subordinates who posted Plaintiff's mugshot and accompanying information. (Doc. 8 at 14-15). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A plaintiff alleging a policy of failure to train officers must show (1) that plaintiff was deprived of a constitutional right; (2) the local government entity

had a training policy that amounts to deliberate indifference to constitutional rights of persons with whom its officers are likely to come into contact; and (3) the plaintiff's constitutional injury would have been avoided had the local government unit properly trained those officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007). A plaintiff must allege facts to support that not only was particular training inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton*, 489 U.S. at 390)).

Here, however, as the Court has found, Plaintiff has failed to demonstrate that her constitutional rights were violated. It follows then, that any failure to train or supervise MCSO officers did not cause any violation of Plaintiff's constitutional rights with regard to the publication of her mugshot and accompanying information.[9]

Plaintiff also alleges Defendants violated her Sixth Amendment rights because the publication of her mugshot and accompanying information "conveys a wrongful message of guilt." (Doc. 8 at 12). To the extent Plaintiff intends this claim to relate to her state criminal proceedings, she has failed to state a claim because Plaintiff's charges were dismissed. Plaintiff has not alleged that the publication of her mugshot and accompanying information *caused* her to be charged with a crime, or that those proceedings were somehow elongated by the publication of her mugshot and accompanying information. To the extent Plaintiff intends this claim as relating to her *reputation*, it is duplicative of her

---

[9] To the extent Plaintiff also alleges a claim against Defendants pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978), she has similarly failed to state a claim because she has not alleged facts to support that any policy, practice, or custom of Defendants caused any constitutional injury. Put another way, because Plaintiff has failed to demonstrate that her constitutional rights have been violated, she has failed to demonstrate that any policy, practice, or custom of Defendants caused her any constitutional injury.

- 13 -

due process claim, discussed *supra*, and will be dismissed for the same reasons.

Accordingly, for all of these reasons, Plaintiff has failed to state a claim for which relief could be granted in Count One, and Count One will thus be dismissed.

### B.  State Law Claims (Counts Three and Four)

The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Such claims are more properly addressed by the Arizona courts, which are charged with administering the laws of Arizona and are more familiar with state law claims.  *See Salman v. City of Phoenix*, No. CV 11-00646-PHX-FJM, 2011 WL 5024263, at *4 (D. Ariz. Oct. 21, 2011) (issues of state law are "best resolved by state courts."); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction,'" quoting 28 U.S.C. § 1367(c)(3)); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).  Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims in Counts Three and Four and will thus dismiss those counts without prejudice.[10]

### IV.  Leave to Amend

Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint may not incorporate any part of any previous complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes any previous complaint.  *Ferdik v.*

---

[10] Because the Court will dismiss Counts One and Two for failure to state a claim, and will decline supplemental jurisdiction over Counts Three and Four, the Court does not reach Defendants' additional arguments on the merits or their claimed entitlement to qualified immunity.

*Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat any previous complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in a previous complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 13), Plaintiff's three Motions for Partial Summary Judgment (Docs. 19, 37, and 38), Plaintiff's Motion for Oral Argument (Doc. 30) and Defendants' two Motions to Defer (Docs. 29 and 39).

(2) Plaintiff's Motion for Oral Argument (Doc. 30) is **denied**.

(3) Defendants' Motion to Dismiss (Doc. 13) is **granted in part** and **denied as moot in part**. The Motion is granted as to Counts One and Two of the First Amended Complaint, and is otherwise denied as moot.

(4) The First Amended Complaint is **dismissed** without prejudice.

(5) Within **30 days** from the date of this Order, Plaintiff may file a Second Amended Complaint that cures the deficiencies discussed herein.

(6) Plaintiff's three Motions for Partial summary Judgment (Docs. 19, 37, and 38) and Defendants' three Motions to Defer (Docs. 29, 39 and 40) are **denied as moot**.

Dated this 23rd day of August, 2022.

Douglas L. Rayes
United States District Judge